## El Pueblo *v.* Milán.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 7.—Resuelto en Noviembre 11, 1904

Nuevo Juicio.—La orden negando una moción de nuevo juicio debe consignarse en una *providencia,* no siendo necesario que se levante acta alguna con respecto á la misma, mas el hecho de que la Corte así lo hiciera, no constituye error que justifique la revocación de la sentencia apelada.

ID.—DESCUBRIMIENTO DE NUEVAS PRUEBAS.—El acusado que solicite la concesión de un nuevo juicio fundado en el descubrimiento de nuevas pruebas, no solo ha de presentar declaraciones juradas que acrediten cuales fueran dichas pruebas, sino que debe expresar también bajo juramento que no le fué posible presentar tales pruebas en el juicio, aduciendo las razones que le impedieron hacerlo así, y expresando las diligencias que practicara para obtenerlas antes del juicio, á fin de que el Tribunal pueda apreciar si desplegó la mayor actividad posible para el descubrimiento de dichas pruebas.

APELACIÓN—SENTENCIAS.—El hecho de que las razones dadas para fundamentar una sentencia no fueren correctas, no es suficiente para justificar su revocación, si los pronunciamientos de la misma resolvieran correcta y justamente los derechos de las partes.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no campareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del Tribunal.

En la presente causa Francisco Vega y Lugo fué convicto del delito de homicidio voluntario por haber dado muerte á Pablo Nazario Lugo, habiendo sido convicto Vega como principal, y Milán como cómplice. Se alega que el homicidio se cometió en la noche del 16 de Enero del presente año, en la Municipalidad de Sabana Grande. La acusación fué presentada en 27 de Febrero siguiente, y el *arraignment* tuvo lugar en el mismo dia. En el dia 25 de abril tuvo lugar el juicio por jurado, emitiendo éste un veredicto declarándolos culpables, según imputaba la acusación. En el dia 2 de Mayo el demandado Milán, mediante su abogado defensor, presentó solicitud para nuevo juicio, fundando la misma en el párrafo 7 del artículo 303 del Código de Enjuiciamiento Criminal; es decir, en el descubrimiento de nuevas pruebas favorables al acusado. En 3 de junio se celebró la vista de esta moción, la que fué desestimada, y Milán fué condenado á un año y seis meses de presidio, con trabajos forzados, y al pago de las costas. En 9 de junio el abogado del acusado presentó un pliego de excepciones contra la resolución de la Corte desestimando la moción para un nuevo juicio. Este pliego de excepciones fué admitido. En el dia 20 del mismo junio presentó escrito

de apelación para ante esta Corte Suprema, basando dicha apelación en tres consideraciones: *Primera*: que la resolución de la Corte denegando la moción para un nuevo juicio ha debido hacerse por medio de una *providencia,* y no por medio de un *acta.*   *Segunda*: que la Corte infringió el párrafo 7°. del art. 303, al negar el nuevo juicio, porque la ley solo exige la presentación de una declaración jurada para este propósito. *Tercera*: que la resolución del Juez al negar el nuevo juicio, no era congruente con la moción para el mismo, en vista de que el nuevo juicio no se pidió por el acusado, fundado en que el veredicto fuese contrario á las pruebas, sino en haber descubierto otras que justificaban su inocencia.   Dicha apelación fué admitida en providencia de 22 de junio de 1904.   Vamos á examinar estas varias consideraciones según se han presentado por el abogado defensor del apelante.   Puede concederse que la resolución de la Corte desestimando la moción para un nuevo juicio ha debido hacerse por medio de una *providencia,* y que no se necesita acta en tal caso; sin embargo, si la Corte siguió un procedimiento en vez del otro, fué un error de poca importancia, que no le causó perjuicio al demandado y del cual no se le admitirá quejarse.   Se verá por un exámen del artículo 303, párrafo 7o., que el demandado que solicita un nuevo juicio fundado en el descubrimiento de nuevas pruebas, debería no solamente presentar declaraciones juradas demostrando dichas pruebas, sino que debe negar por juramento que podría haber presentado dichas pruebas en el acto del juicio, y demostrar las razones porque no fueron presentadas las mismas durante tal juicio.   El demandado no ha tratado de hacer esto.   En la causa de Pedro Díaz (a) Martillo, resuelta en 27 de Febrero de 1904, se presentó esta misma cuestión. y en un dictámen emitido en dicha causa por el Señor Juez Hernandez, se hace uso de las siguientes expresiones:

"Ciertamente que el Letrado defensor del recurrente á virtud de pregunta del tribunal juró que había practicado todas las diligencias necesarias para conseguir pruebas y que había tenido cono-

cimiento de las nuevas que habia descubierto despues de celebrarse el juicio; pero esa declaración jurada no era bastante al fin apetecido, pues aquél no expresó cuales eran las diligencias que practicó con el fin de demostrar, á juicio del Tribunal, la mayor actividad razonable para descubrir y aducir en la vista de la causa las nuevas pruebas de que luego ha intentado valerse.''

El presente, en cuanto á este particular, es todavía más claro que el caso de Martillo, porque el Letrado defensor, en la presente causa, no ha tratado de demostrar por que no habia presentado en el juicio las pruebas nuevamente descubiertas, según fué requerido por las claras disposiciones del estatuto. La consideración tercera en que funda el recurso, parece tener algún mérito, puesto que el Juez sentenciador aparentemente fundó su negativa del nuevo juicio en fundamentos no presentados, pero el nuevo juicio fué propiamente negado, aunque puede no haber sido correcta la razón dada por el Juez sentenciador. En las Cortes Americanas se ha resuelto repetidas veces que una sentencia correcta, á pesar de que se dicte sobre preceptos impropios, no se revocará por motivo del falso razonamiento de la Corte que dicte la sentencia. Si la sentencia es correcta, el razonamiento puede ser correcto ó incorrecto; de eso no se ocupará esta Corte más que para examinar la misma sentencia. En vista de que la solicitud para un nuevo juicio fué propiamente desestimada, el error de la Corte sentenciadora de señalar una razón impropia por esa acción, no se considerará. Considerando todos los puntos que han sido presentados en el presente caso por el Letrado defensor del recurrente, la sentencia de la Corte inferior deberá confirmarse.

*Confirmada.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados, Hernandez, Figueras y Wolf.