EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, demandado; JOSÉ CASTRO FIGUEROA, interventor.

*Número:* O-71-199     *Resuelto:* 12 de mayo de 1972

*Gilberto Gierbolini, Procurador General, Juan E. Brunet, Procu-rador General Auxiliar,* abogados del peticionario; *Santos P. Amadeo, Ángel F. Vélez Pozo* y *Charles H. Juliá,* abogados del interventor.

PER CURIAM: Un jurado declaró culpable al interventor de un delito de hurto mayor cometido al apropiarse ilegal, maliciosa y criminalmente de un automóvil. El interventor solicitó un nuevo juicio ante el tribunal de instancia fundándose en que el veredicto fue contrario a derecho y a la prueba y que "el acusado ha descubierto nuevas pruebas que pueden favorecerle y, efectivamente, le van a favorecer, pués, a pesar de haber empleado la mayor actividad razonable no le ha sido posible descubrir y aducir en la vista de la causa." El tribunal de instancia declaró con lugar la moción de nuevo juicio. Expedimos el auto para revisar esta determinación.

Es sabido que en una moción solicitando nuevo juicio fundada en prueba recientemente descubierta, no es suficiente que el acusado jure haber practicado las diligencias necesarias para conseguir pruebas y haber tenido conocimiento de las nuevas pruebas descubiertas después de la celebración de juicio, sino que es necesario expresar cuáles fueron las diligencias que practicara, a fin de que el tribunal pueda apreciar si ejercitó la mayor actividad razonable en ese sentido. *Pueblo* v. *León,* 14 D.P.R. 251 (1908); *Pueblo* v. *Milán,* 7 D.P.R. 455 (1904). Además, la Regla 188 de Procedimiento Criminal, II *Práctica Forense Puertorriqueña* 193, dispone taxativamente que al solicitarse nuevo juicio por este fundamento, "el acusado deberá acompañar a su moción la nueva prueba en forma de declaraciones juradas de los testigos que la aducirán."

En el caso de autos, la moción de nuevo juicio presentada por el interventor no cumplió con ninguno de estos requisitos. No acompañó con su moción las declaraciones juradas. De hecho, no las tenía. Es después que presentó la moción cuando

hace las gestiones para conseguirlas. Esto es contrario a las disposiciones de la mencionada Regla 188.

Por otro lado, en su moción de nuevo juicio, el interventor meramente se limitó a expresar que había descubierto nuevas pruebas, las cuales, a pesar de sus gestiones no pudo descubrirlas y aducirlas en la vista del caso. El interventor no expresó cuál era dicha prueba, ni en qué consistieron sus gestiones, de manera que el tribunal de instancia pudiera apreciar si ejercitó o no la mayor actividad razonable en ese sentido. El testimonio del interventor tampoco suplió esta deficiencia fatal. Basta reproducir la síntesis que el mismo interventor hace de su testimonio en el memorando que sometió al tribunal de instancia:

"La declaración del acusado José Castro Figueroa, consistió en que los testigos no les eran conocidos, que habló con ellos una vez, no los volvió a ver jamás, hasta después de pasar el juicio, que vió a uno en la Sala Sexta del Tribunal Superior de San Juan y él le recordó sobre el caso del automóvil, y el otro lo vió en Santa Isabel, quien también le recordó el caso del automóvil Impala, y entonces fué que vino a recordar dicho testigo. No los conocía, ni sabía su nombre, ni donde vivían. El otro testigo, Amador Otero Negrón, lo conoció después del juicio cuando fué personalmente por la Calle Canóvanas investigando sobre el automóvil Impala, Chevrolet, y este señor le informó él iba a comprar dicho automóvil en agosto del 1966." (Memorando del acusado de 30 de abril de 1971, pág. 4).

En vista de lo anterior, es preciso concluir que el tribunal de instancia incidió al declarar con lugar la moción de nuevo juicio.

*Se dictará sentencia dejando sin efecto la resolución concediendo nuevo juicio y se devolverá el caso al tribunal de instancia para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.